Filed 10/4/24  P. v. Loquellano CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B330399 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. NA008359-01 |
| v. | |
| ANTHONY SALVADOR LOQUELLANO, | |
| Defendant and Appellant. | |

APPEAL from a post judgment order of the Superior Court of Los Angeles County, Daniel J. Lowenthal, Judge.  Reversed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

On March 31, 1992, appellant Anthony Salvador Loquellano pled no contest to one count of second degree murder. He also admitted he personally used a firearm during the commission of the offense. Loquellano's counsel stipulated there was a factual basis for the plea. The trial court sentenced Loquellano to 15 years to life plus five years in state prison.

On August 21, 2022, Loquellano filed a petition for resentencing under Penal Code section 1172.6.[1] The trial court found him ineligible for sentencing relief as a matter of law and summarily denied the petition. Relying on the preliminary hearing transcript, the trial court found Loquellano was both the sole perpetrator and the actual killer. The trial court stated: "The court did review the record of conviction, including the preliminary hearing transcript, the information, the plea, among other things. And the record of conviction establishes unequivocally that the People were not proceeding under a theory of felony murder and natural and probable consequence. [¶] The record of conviction demonstrates that the People were proceeding under a theory that he was the sole and actual perpetrator, and further, that he, in fact, was the sole and actual perpetrator. As the actual killer, he is not entitled to relief. A prima facie case has not been made to order an evidentiary hearing. The gentleman's petition is not granted." This appeal followed.

Loquellano contends the court improperly denied his petition at the prima facie stage because the record of conviction did not establish as a matter of law that he was ineligible for resentencing, and the court could not have denied his petition

---

[1]     Undesignated statutory references are to the Penal Code.

without improperly engaging in factfinding.  We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

For context only, we recite the facts drawn from the preliminary hearing transcript.  On August 19, 1991, appellant shot and killed the victim, Bill Miske, after an argument.  Miske's daughter witnessed the shooting and testified at the preliminary hearing that Loquellano was the man who shot her father.

## DISCUSSION

Loquellano argues the court erred in denying his petition at the prima facie stage because the record of conviction did not establish as a matter of law that he was ineligible for resentencing.  He maintains the record of conviction does not include facts refuting the allegations in his petition because his generic plea did not specify any theory of liability or any particular fact, i.e., that he was the actual shooter.  Neither does the record of conviction adjudicate the identity of the actual perpetrator or preclude the prosecution from pursuing another theory of the case, including accomplice liability based on the natural and probable consequences doctrine.  He also argues the court engaged in impermissible factfinding by relying on facts taken from the preliminary hearing transcript.  Finally, he contends that the firearm use allegation does not prove he personally discharged a firearm or was the direct perpetrator.  He contends we should reverse the trial court and remand the petition for an evidentiary hearing under the provisions of section 1172.6, subdivision (d).  He is correct.

I.      *Relevant Law and the Standard of Review*

Effective 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder.  (*People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843, superseded by statute on another ground as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869.)  It also narrowed the scope of the felony murder rule.  (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Curiel* (2023) 15 Cal.5th 433, 448–449 (*Curiel*); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony murder rule in section 189, subdivision (e).  (§ 188, subd. (a)(3).)  Section 189 requires the prosecution to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); an aider and abettor to murder who had the intent to kill (*id.*, subd. (e)(2)); or a major participant in an underlying felony listed in section 189, subdivision (a), who acted with reckless indifference to human life as described in subdivision (d) of section 190.2.  (§ 189, subd. (e)(3); *Curiel*, at p. 448; *People v. Wilson* (2023) 14 Cal.5th 839, 868-869; *Gentile,* at p. 842.)

The Legislature provided a procedure (now codified in section 1172.6) extending protection to, among others, "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine."  (§ 1172.6, subd. (a).)  In such cases, a defendant may petition the court to vacate his or her conviction and seek resentencing on any remaining counts if the person could not now be convicted of attempted murder because

4

of the changes to sections 188 and 189. (*Ibid.*; Stats. 2021, ch. 551, § 1 [extending Senate Bill No. 1437's ameliorative changes and procedure for potential relief to individuals convicted of attempted murder or voluntary manslaughter].) Section 1172.6 applies by its terms to attempted murders based on the natural and probable consequences doctrine only. (§ 1172.6, subd. (a) ["A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition."].)

If a section 1172.6 petition contains the requisite information, the trial court must appoint counsel to represent the petitioner if requested. (*Lewis, supra*, 11 Cal.5th at pp. 962–963; § 1172.6, subd. (b)(1)(A), (b)(3).) The prosecutor must file a response to which the petitioner may reply, and the court must hold a hearing to determine if the petitioner has made a prima facie showing of entitlement to relief. (§ 1172.6, subd. (c).) If the court finds a prima facie case has been shown, it must issue an order to show cause and conduct an evidentiary hearing to determine whether to vacate the conviction and resentence petitioner on any remaining counts. (*Id.*, subds. (c), (d)(1).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Lewis, supra*, 11 Cal.5th at p. 971; see *Curiel, supra*, 15 Cal.5th at p. 460.) The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit

5

from those that are clearly meritless." (*Lewis*, at p. 971; *Curiel*, at pp. 463–464.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis,* at p. 972; see *People v. Eynon* (2021) 68 Cal.App.5th 967, 975 (*Eynon*).)

"Nevertheless, the court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*. ' "[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,' " ' thereby deeming the petitioner ineligible." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *Curiel, supra*, 15 Cal.5th at p. 460; *Lewis, supra*, 11 Cal.5th at p. 971.) We independently review the superior court's prima facie determination under section 1172.6. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; *Harden,* at p. 52.)

II.    *The Trial Court Erred in Summarily Denying Loquellano's Petition Without Conducting an Evidentiary Hearing.*

Loquellano maintains he met the prima facie burden to show entitlement to relief under section 1172.6, and that the trial court erred in summarily denying the petition without issuing an OSC and conducting an evidentiary hearing. According to Loquellano, nothing in the record of conviction definitively establishes that he was the actual perpetrator, and nothing in the information precluded the prosecution from pursuing a conviction based on an alternative theory, including accomplice liability premised on the natural and probable consequences doctrine. He reminds us that the " 'prima facie bar was intentionally and correctly set very low.' " (*Lewis, supra,*

11 Cal.5th at p. 972.) Loquellano's section 1172.6 petition has cleared the low bar.

On its face, Loquellano's petition satisfied the requirements of subdivision (a) of section 1172.6. The petition and declaration state: (1) an information was filed against him that allowed the prosecution to proceed under a theory of murder under the natural and probable consequences doctrine; (2) he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder; and (3) he could not presently be convicted of murder due to amendments to sections 188 and 189. Because Loquellano's statements must be accepted as true at the prima facie stage, the trial court could deny his section 1172.6 petition only if the record of conviction conclusively demonstrates he was not entitled to relief as a matter of law. (*Lewis, supra*, 11 Cal.5th at p. 971.)

The People argue the information and preliminary hearing transcript demonstrate Loquellano is ineligible for resentencing as a matter of law because the record of conviction indisputably shows the prosecution's sole theory of liability was that Loquellano acted as the only and actual shooter. According to the People, where, as here, the preliminary hearing transcript indisputably shows appellant was the actual killer, the trial court may accept the indisputable evidence without resolving any evidentiary conflicts or credibility questions and therefore does not act as a factfinder. We disagree.

First, the operative information alleges that Loquellano committed murder unlawfully and with malice aforethought. The information does not commit the prosecutor to a particular set of facts or a particular theory of liability. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 233, review granted, June 9, 2021, S268405

(*Rivera*) ["neither felony murder nor murder under the natural and probable consequences doctrine need be separately pleaded"].)

Second, the actual plea proceedings provide no factual information. Loquellano pled no contest to second degree murder and use of a firearm. He neither stipulated to a particular theory of liability nor did he admit facts that would have conclusively established him as the actual killer. (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211–1212.) Imputed malice was a valid theory at the time of Loquellano's plea and a generic plea like Loquellano's does not establish a particular theory of liability. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 338 (*Estrada*).)

Third, Loquellano stipulated that a factual basis supported the plea. However, that stipulation does not establish particular facts as adjudicated and incontrovertible. (*People v. French* (2008) 43 Cal.4th 36, 52 [defendant is not required to personally admit the truth of a factual basis of the plea].) Interestingly, Loquellano did not stipulate that the preliminary hearing evidence provided a factual basis for the plea; his counsel merely agreed with the prosecutor that there was a factual basis generally.

Fourth, that Loquellano admitted a firearm allegation does not establish ineligibility as a matter of law. The enhancement requires only a general intent to use a deadly weapon or inflict bodily injury. (*People v. Offley* (2020) 48 Cal.App.5th 588, 598.)

Finally, the trial court's reliance on the preliminary hearing transcript goes too far. Being held to answer does not constitute a factual finding that the allegations are true nor does it constitute a determination that the allegations are supported by substantial evidence. (*Eynon*, *supra*, 68 Cal.App.5th at

8

pp. 975–976.) Nor is a defendant required to proffer a defense or refute the evidence presented at the preliminary hearing. We acknowledge that case authority is split on whether a trial court may rely on a preliminary hearing transcript at the prima facie stage of the proceedings when it rules on a petition brought under section 1172.6. (*People v. Patton* (2023) 89 Cal.App.5th 649, review granted, June 28, 2023, S279670 [permissible to rely on transcript]; *People v. Nguyen* (2020) 53 Cal.App.5th 1154 [same]; *People v. Pickett* (2023) 93 Cal.App.5th 982, review granted, Oct. 11, 2023, S281643 [same]; *People v. Mares* (2024) 99 Cal.App.5th 1158 [same]; *People v. Flores* (2022) 76 Cal.App.5th 974 [impermissible to rely on preliminary hearing transcript]; *Rivera*, *supra*, 62 Cal.App.5th 217 [same].) We conclude the better view does not permit such reliance.

The question here is how far must Loquellano go to make a prima facie showing that he cannot now be convicted of murder because of recent changes in California law. And rather than reinvent the wheel, we adopt the analysis of *Estrada* and *People v. Williams* (2024) 103 Cal.App.5th 375 (*Williams*).

In *Williams*, a split decision, the Fifth District Court of Appeal held that reliance on the transcript of the preliminary hearing was, in effect, factfinding, even where, as there and as here, petitioner does not affirmatively dispute facts presented at the preliminary hearing. (*Williams*, *supra*, 103 Cal.App.5th at p. 389.) This is so because the purpose of the preliminary hearing is to present facts to establish probable cause that a crime has been committed by the charged defendants. (*Id.* at p. 397.) The factual presentation does not bind the prosecution to a particular theory of liability nor does it prevent the prosecution from adducing additional or different facts at a later trial. The

9

charged defendant has no duty to proffer an affirmative defense and failure to do so does not bind the defendant to the facts or theories presented at the hearing.  (*Id*. at pp. 404–405.)

Given the ephemeral nature of the preliminary hearing, the Fifth District Court of Appeal found the trial court should not have relied on the set of "facts" adduced or "theories" argued at the hearing.  Nor should there be a presumption that unless a petitioner disputes facts presented at a preliminary hearing, those facts can be relied upon to defeat a prima face showing of eligibility for relief.  (*Williams*, *supra*, 103 Cal.App.5th at p. 405.)  Indeed, the statute itself at section 1172.6, subdivision (d)(3) provides for an evidentiary hearing where the prosecution must prove factual issues beyond a reasonable doubt.  Relying on facts presented at a preliminary hearing solely to establish probable cause under a more relaxed standard of proof is a far cry from the conclusive proof necessary to deny a petition at the prima facie stage of the litigation.  (*Ibid*.)

In *Estrada*, petitioner pled to attempted murder and voluntary manslaughter.  The Second District Court of Appeal found that in pleading no contest, Estrada did not admit to a specific theory of liability nor did he plead to any particular type of malice.  (*Estrada, supra*, 101 Cal.App.5th at p. 338.) Although Estrada was charged alone, a charging decision does not establish any facts as a matter of law.  (*Id*. at p. 339.)  As the *Estrada* court pointed out, "Our Supreme Court has emphasized that at the prima facie stage, a trial court is only permitted to deny the petition if the record of conviction 'foreclose[s] [the] possibility [that the petitioner was convicted under an invalid theory], *as a matter of law*.' "  (*Ibid*.)

10

We find the analyses of *Estrada* and *Williams* persuasive and conclude that the trial court erroneously relied on the preliminary hearing transcript to deny Loquellano's petition.

## DISPOSITION

The order denying the petition for resentencing is reversed. The matter is remanded to the trial court to conduct an evidentiary hearing pursuant to section 1172.6, subdivision (d).

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

I concur:

VIRAMONTES, J.

11

**WILEY, J., Dissenting**.

I believe *People v. Mares* (2024) 99 Cal.App.5th 1158, review granted May 1, 2024, S284232 dictates affirmance.


WILEY, J.


1